William B. Isham et al., as Executors of Mary J. Walker, Deceased, Appellants, *v.* The New York Association for Improving the Condition of the Poor et al., Respondents.

1. Appeal — Only Parties Aggrieved May Appeal. When the executors and all the parties interested under a will have united in submitting a question in controversy to the Appellate Division and none of the latter have appealed from its judgment, the executors have no such direct interest in the controversy as will entitle them to take an appeal to the Court of Appeals.

2. Transfer Tax — When Testamentary Dispositions of Trust Estate, in the Exercise of a Power of Appointment, Constitute "Legacies." Where the beneficiary of a trust of personal property, who was empowered, by the will creating the trust, to make a testamentary disposition of the *corpus* thereof, gives and bequeaths the same to various charitable institutions, and after making numerous bequests from her individual personal estate, directs her executors "to pay out of my residuary estate any and all transfer or inheritance taxes that may be imposed or become due upon any of the legacies hereinbefore made, whether such taxes be state or federal," the various dispositions of the trust estate constitute "legacies" and are included in those entitled to have the transfer taxes paid out of the residuary estate.

*Isham* v. *N. Y. Assn. for Poor,* 78 App. Div. 396, affirmed.

(Argued December 17, 1903; decided January 12, 1904.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 23, 1903, in favor of defendants upon the submission of a controversy under section 1279 of the Code of Civil Procedure.

The nature of the controversy and the facts, so far as material, are stated in the opinion.

*Henry W. Simpson* for appellants. It was not the intention of Mary J. Walker to burden her residuary estate with the payment of the transfer tax upon the trust fund. (*Matter of Huntington,* 168 N. Y. 399.) The provisions of the will do not support the inference that it was Mrs. Walker's intention that the fund should pass free from the burden of

the tax, if one attached, at the expense of her residuary estate. (*Hutton* v. *Benkard,* 92 N. Y. 295 ; *Lockwood* v. *Mildeberger,* 159 N. Y. 186.)

*Edward E. Sprague* and *John L. Cadwalader* for The New York Association for Improving the Condition of the Poor, respondent. The testatrix intended the transfer tax upon her legacies to charities to be paid out of the residuary estate. ( *White* v. *Hicks,* 33 N. Y. 383 ; *Hutton* v. *Benkard,* 92 N. Y. 295.)

*Charles T. Payne,* for Lincoln Hospital and Home, respondent. It was the clear intention of the testatrix that the term " legacies ". contained in the 23d clause of the will should include the testamentary disposition in question. (*Matter of Karr,* 2 How. Pr. [N. S.] 405 ; *Orton* v. *Orton,* 3 Keyes, 486.) Aside from the question of intention, these appointments are properly legacies of the testatrix. (Schouler on Wills, § 14 ; *Holmes* v. *Coghill,* 12 Ves. 205 ; *Bainton* v. *Ward,* 2 Atk. 172 ; *Tallmadge* v. *Sill,* 21 Barb. 34 ; *Johnson* v. *Cushing,* 15 N. H. 298 ; *Ashfield* v. *Ashfield,* 2 Vern. 287 ; *Freeborn* v. *Wagner,* 49 Barb. 54 ; *Barber* v. *Carey,* 11 N. Y. 402.)

*Charles L. Jones* and *Russell E. Burke,* for the Orphans Home et al., respondents. It was the intention of the testatrix to charge her residuary estate with the payment of all transfer taxes upon all property disposed of or which she intended to dispose of by her will. (*Nelson* v. *Brown,* 144 N. Y. 384.) The provisions in the 1st clause of the will take effect none the less as gifts or legacies thereunder because they were given by the exercise of a power of which the testatrix was the donee. ( *White* v. *Hicks,* 33 N. Y. 383 ; *Lockwood* v. *Mildeberger,* 159 N. Y. 181.)

*Edward W. Sheldon* for New York Society for the Relief of the Ruptured and Crippled, respondent. It was the inten-

tion of the testatrix that all the transfer taxes accruing by reason of the first twenty-two clauses of her will should be paid out of her residuary estate. (*Lockwood* v. *Mildeberger*, 159 N. Y. 181; *Hutton* v. *Benkard*, 92 N. Y. 295; *Freme* v. *Clement*, L. R. [18 Ch. Div.] 499; *Nelson* v. *Brown*, 144 N. Y. 284; *Matter of Dows*, 167 N. Y. 227; *N. Y. L. Ins. & T. Co.* v. *Livingston*, 133 N. Y. 125.)

*Harry N. Avery* for New York Institution for the Blind, respondent. The bequest of the legacies set forth in the will are perfectly legal and should be carried out according to the will of the testatrix. (*Matter of Forbes*, 16 Phila. 356; *Matter of Swift*, 137 N. Y. 77; *Matter of Gihon*, 169 N. Y. 443.)

*Charles E. Sentell* for Home ·for Old Men and Aged Couples, respondent. The legacies bequeathed pursuant to the power given by the will of John Watson are legacies under the will of Mary J. Walker, the donee of the power, and not legacies under the will of John Watson. (*Matter of Seaver*, 63 App. Div. 284; *Matter of Rogers*, 71 App. Div. 461; *Matter of Vanderbilt*, 50 App. Div. 249; 163 N. Y. 597.) The testatrix, Mary J. Walker, intended that the transfer taxes on the legacies given and bequeathed by the 1st clause of her will should be paid out of her residuary estate. (*Matter of Gihon*, 169 N. Y. 447; *Matter of King*, 11 Phila. 30; *Matter of Cummings*, 12 Pa. Co. Ct. Rep. 45; *Matter of Dows*, 167 N. Y. 231.)

*Stanley W. Dexter* for Children's Aid Society, respondent. The testatrix intended to make no distinction between the charitable and other bequests in regard to exemption from tax. (29 Am. & Eng. Ency. of Law, 349.; *Matter of Moehring*, 154 N. Y. 423; *Hume* v. *Randall*, 141 N. Y. 499; *Deegan* v. *Wade*, 144 N. Y. 573; *Hutton* v. *Benkard*, 92 N. Y. 295.)

*John H. Cole* for Society of St. Johnland, respondent. It was the clear intention of the testatrix, Mary J. Walker, that the transfer tax on this trust fund should be paid out of her

residuary estate.   (29 Am. & Eng. Ency. of Law, 345–349; *Roe* v. *Vingut*, 117 N. Y. 204.)

*George C. Kobbé* for Home for Incurables, respondent.

*Hoffman Miller* for St. Luke's Hospital, respondent.

GRAY, J.   The parties to this action united in submitting the controversy between them upon an agreed statement of the facts.   The question in difference was whether, under the 23d clause of the will of Mary J. Walker, the transfer tax payable upon a fund of $500,000, theretofore held in trust for her during her life and which she disposed of in her will by the exercise of a general power of appointment, should be paid out of the trust fund, itself, or out of the residuary estate.

The trust fund had been created for her by her father's will; which directed the trustee to pay over the principal, as she might by will direct, and which authorized her to so dispose of the same.   When she made her will she, first, proceeded to "give and bequeath" the trust fund, over which she was given the power of disposition by will, to various charitable institutions and, then, she made bequests to various persons, aggregating a very large sum of money: her individual personal estate amounting to some three millions of dollars. Having made these bequests, she, next, directed and authorized her executors, in the 23d clause, "to pay out of my residuary estate any and all transfer or inheritance taxes that may be imposed or become due upon any of the legacies hereinbefore made, whether such taxes be State or Federal."   In the succeeding clause, she constituted her sister, Emily A. Watson, her residuary legatee; including in that disposition any of the legacies which might lapse and all of her estate not effectually disposed of.

Upon the question arising as to how the transfer tax upon the trust fund should be paid, the executors instituted this proceeding and joined as parties defendant Emily A. Watson and all other persons interested in the result.   All appeared

by their attorneys and, upon the submission of their contro-
versy to the Appellate Division, that court determined it by
ordering the executors of Mary A. Walker to pay the transfer
taxes in question out of her residuary estate.   From the judg-
ment of that court, the executors have appealed to this court;
but Emily Watson has not appealed herself, nor has she
requested the executors to appeal.

In my opinion, the executors were not authorized to take
this appeal and to continue the controversy; when those
directly concerned in the determination of the question had
acquiesced therein.   I do not think they have any standing
in court to complain, further, as to a result, which did not
affect them.   They performed their duty in presenting to the
court the question of how the will should be construed and
they did so in such a way as that all interested therein would
be bound by the determination made.   When a judgment
was reached, directing them how to act, they were protected
and they were under no obligation to proceed to champion the
right of Emily Watson; who submitted to the judgment and
did not appeal at all.   If appeals are allowed by statute, they
are to be taken only by those who are aggrieved, in the sense
that they had a direct interest in the controversy, which was
affected by the result.   This must be so in reason and the
proposition, as it relates to executors, or administrators, of the
estates of deceased persons, is supported by authority. (Bryant
v. Thompson, 128 N. Y. 426; Matter of Hodgman, 140 ib.
421; McLouth v. Hunt, 154 ib. 179; Matter of Richmond,
63 App. Div. 488.)

Upon the merits of this controversy, I do not think any
reasonable doubt can be entertained as to the correctness of
the determination made below.   Whether we regard the
intention, as exhibited by the comprehensiveness of the lan-
guage used by the testatrix in directing the payment of "any
and all transfer or inheritance taxes" out of her residuary
estate; or whether we regard the effect and nature of the
exercise by her of the power of appointment, it must be very
clear that the appointees of the fund were to take their shares

thereof without diminution through imposition of Federal or State taxes upon the transfer. It may be true that they take under the execution of the power of appointment and, therefore, through a source of title emanating from the will of this testatrix' father ; but that does not affect the question presented, which is whether, in exercising the power, she has made a gift, or a legacy, to the extent of its exercise. She, evidently, supposed she was doing precisely that ; for she used the words " I give and bequeath," and the authorities are to that effect. In *Matter of Dows*, (167 N. Y. 227), and in *Matter of Delano*, (176 ib. 436), we have held that it is the execution of the power that gives to the person the property passing under it. The effect of conferring a general power of appointment is to invest its donee with a power of disposition as broad as though she was disposing of her own property. In its exercise she, in fact, makes a gift, or bequest, to persons of her own selection. In addition to the *Delano* case, reference may be profitably had to the English cases of *Attorney-General* v. *Marquis of Hertford,* (3 Exchequer, 670, 683), and of *Freme* v. *Clement*, (L. R. [18 Ch. Div.] 499, 508) ; where that is held to be a gift, or bequest, which passes by the exercise of a power of appointment. A legacy is a disposition of personal property by will and when this testatrix directed her executors to pay the transfer taxes, that might be imposed upon any of the legacies which she had made, she meant, and she must be assumed, in law, to have meant, all the preceding dispositions by her, whether of the trust fund, or of her individual estate.

I advise the affirmance of the judgment appealed from ; with costs to the respondents, who have appeared in this court by attorney, payable by the appellants personally.

PARKER, Ch. J., HAIGHT, MARTIN, VANN and WERNER, JJ., concur ; BARTLETT, J., concurs in result on the merits, but dissents as to the costs payable personally by executors, being of opinion that the executors were entitled to appeal and should be awarded costs with the respondents.

Judgment accordingly.