THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
THE NORTHERN TRUST COMPANY, Appellant.

*Opinion filed December 16, 1914.*

1. INHERITANCE TAX—*a trustee has an appealable interest if he
believes inheritance tax unjust.* A trustee who in good faith be-
lieves that an inheritance tax has been assessed illegally or in an
improper amount may appeal from the judgment, not only to pre-
serve the rights of the beneficiaries but to protect himself from
personal liability in case he should pay a claim that should after-
wards be adjudged illegal.

2. SAME—*when testator's daughter has a life estate in entire
trust fund.* Where, after creating a trust for his only daughter
and directing the trustee to pay her the income and distribute the
principal to her in specified portions at periods of five, ten and fif-
teen years, the testator adds a codicil giving the trustee discretion
to withhold the payments of the principal and hold all the estate
in trust for her until such time as the trustee shall deem best or
for her life, the daughter has a life estate in the entire trust fund,
regardless of the disposition made by the will in case of her death
before receiving the principal.

APPEAL from the County Court of Cook county; the
Hon. JOHN E. OWENS, Judge, presiding.

NEWTON A. PARTRIDGE, and WILLIAM S. MILLER, for
appellant.

P. J. LUCEY, Attorney General, and THOMAS J. YOUNG,
for the People.

Mr. JUSTICE VICKERS delivered the opinion of the court:

This was an appeal to the county court from the order
of the county judge of Cook county entered September 12,
1913, confirming the appraiser's report and fixing the tax
on the estate of William F. White, deceased, under the In-
heritance Tax law of 1909. The estate was appraised for
taxation at $83,842.08, and the appraisement is not ques-
tioned. The estate was distributed to some fifteen benefici-

aries under the will of William F. White and taxes were assessed upon such legacies as in the opinion of the county court were liable, and most of these taxes are not in dispute. The appeal to this court by the trustee under the will is for the purpose of reviewing the allotment for taxation of the distribution to Marguerite R. White Ash of $17,394.77, Annie L. Waller $31,623.66, Corolyn Parker $15,661.83 and Frank M. White $16,061.82. The total amount of taxes assessed by the county judge and confirmed by the county court was $1769.43. The Northern Trust Company, as executor and trustee under the will, duly excepted to the assessment of taxes and has perfected its appeal to this court, and here contends that the assessment is excessive and that the true amount of inheritance tax for which the estate is liable is $744.10.

Marguerite R. White Ash is the only surviving child of the testator. The other devisees named are collateral kindred. The controversy here turns primarily upon the construction to be given to certain clauses of the last will and testament of William F. White. Appellant contends that under the will the daughter should have been given a larger amount, which would have reduced the residuary estate, and since the rate of inheritance taxes is lower on a legacy given to a child than it is when it is given to collateral kindred, the amount of inheritance tax will be reduced by any increase that the daughter may be held to be entitled to under the will. The merits of the whole controversy depend upon the proper construction to be given to certain portions of the last will and testament of the testator.

Appellee contends that the appeal ought to be dismissed or the judgment affirmed, because, it is said, the Northern Trust Company, as executor and trustee, has no such interest as will justify it in prosecuting this appeal. The beneficiaries under the will are not parties to this appeal and so far as the record shows they are satisfied with the assessment of taxes made by the court below, but we are of the

opinion that the executor and trustee, under this will and under the statute, has an appealable interest in this controversy. Section 5 of the Inheritance Tax law of 1909 makes all executors, administrators and trustees personally liable for the payment of inheritance taxes, and also for the expenses, costs and fees of collection where proceedings for that purpose are instituted. It is the duty of the trustee to protect the interest of the beneficiaries in the trust fund, and in cases 'where the trustee in good faith believes that the estate in his hands has been assessed illegally or an improper amount he may properly resort to the courts for the purpose of having the matter authoritatively determined, not only to preserve the rights of the beneficiaries but to protect himself from personal liability in case he should pay a claim that should afterwards be adjudged illegal. Upon this point appellee cites *Hanley's Estate,* 181 Pa. St. 339, (37 Atl. Rep. 587,) and *Isham* v. *New York Ass'n,* 177 N.Y. 218, (69 N. E. Rep. 367,) as authority supporting the contention that the executor or trustee has no appealable interest in a controversy as to the succession taxes upon the trust fund. A careful examination of those cases will show that they are decided under statutes somewhat different from ours and that they are distinguishable in their facts from the case at bar. In our opinion the trustee has such an interest in this controversy as to sustain the right to an appeal.

There is also some contention on the part of appellee that the bill of exceptions is incomplete and for that reason the judgment below should be affirmed. The bill of exceptions contains everything that is necessary to a full and complete understanding of the questions at issue, and that is all that is required. There is no dispute here as to the facts and the bill of exceptions is sufficient to present the legal controversy involved. With these preliminary matters out of the way we shall now proceed to consider the merits of this appeal.

As already stated, the controversy depends upon the construction to be given to certain portions of the will and codicil of the testator. William F. White in his lifetime was a householder residing at 4340 Oakenwald avenue, in Chicago. His daughter, Marguerite R., resided with him at the time of his death and was unmarried. Since his death she has married a Mr. Ash. The probate court of Cook county allowed the daughter a child's award of $3000. The first clause of the will directs the payment of all just debts and funeral expenses and costs of administration. The second clause gives the daughter, Marguerite R., all household goods and chattels and the sum of $1000, which the executor is directed to pay to her as soon as possible after the testator's death. The third clause gives and bequeaths to the testator's sister, Rebecca S. Wentworth, $1000; to Annie L. Waller, daughter of said sister, $500; to Helen Waller, Henry Wentworth Waller, Maurice W. Waller and Corolyn Rebecca Waller, children of the said Annie L. Waller, $100 each; to Corolyn Wentworth and Hester Wentworth, of Chicago, daughters of the testator's nephew, Edward C. Wentworth, $100 each; to Frank M. White, $500; to testator's mother-in-law, Sarah J. Denig, and his sister-in-law Dr. Blanche A. Denig, the sum of $500 each; to his sisters-in-law Ella H. Denig and Louise D. Garty, and to his brother-in-law, Augustus M. Denig, the sum of $200 each. Clause 4 devises to appellant, the Northern Trust Company, as trustee, all the remaining estate and property of all kinds whatsoever, to have and hold upon the trusts and with the powers thereinafter stated, and during the period of the trusteeship the trustee is to take possession of, hold, manage, care for and protect the trust estate and collect the income therefrom. The trustee is given power to convert real estate into personal or personal into realty, and to invest the trust fund in its name, as trustee. The trustee is also given full power to sell and convey any of said trust property by and with the written

consent of the daughter, Marguerite R. White, if she be living. The will directs the trustee to make the following disposition of the principal and income of said trust estate:

"(A) The entire net income from said trust estate, or from the portion thereof from time to time held in trust, after paying taxes, assessments, insurance, repairs and the charges and expenditures reasonably necessary and proper in caring for and managing the said trust estate, shall be paid to my said daughter, Marguerite R. White, in convenient installments, until the expiration of fifteen years from the date of my death or until the death of my said daughter, should she die before that time. At the expiration of five years from the date of my death said trustee shall pay over, convey and deliver to my said daughter one-third in value of the principal of said trust estate; at the expiration of ten years from the date of my death said trustee shall pay over, convey and deliver to my said daughter one-half in value of the remaining principal of said trust estate; and at the expiration of fifteen years from the date of my death said trustee shall pay over, convey and deliver to my said daughter the entire trust estate then remaining, with the accumulations thereof. In making the divisions and partial distributions above provided for I desire my said trustee to consult with my said daughter, and to deliver to her at each partial distribution such items of said estate as she may wish and may be best able to manage and care for.

"(B) In case of the death of my said daughter before the date of my death or before the entire trust estate is distributed to her, as provided in paragraph (A,) leaving a child or children her surviving, then said trustee shall pay the net income from said trust estate remaining in its hands to such child or children until the youngest child at any time surviving shall have attained the age of twenty-one years or until the death of the last surviving child, in case such child dies under the age of twenty-one years, whereupon

WILLIAM F. WHITE. (Seal)

said trustee shall forthwith pay over, convey and deliver the entire principal of said trust estate then remaining to the child or children of my said daughter then surviving, in equal parts, provided that the issue of any deceased child of my said daughter shall receive the share of said income that the parent of such issue would have received hereunder if living, and provided further that the issue of any deceased child of my said daughter living at the time of distribution, as in this paragraph above provided for, shall receive the share of the principal of the trust estate which the deceased parent of such issue would have received if then living. In case my said daughter should die before the

date of my death or before the entire trust estate is distributed to her, as provided in paragraph (A,) leaving no child or children her surviving but leaving the issue of a deceased child surviving, then said trustee shall forthwith pay over, convey and deliver the entire trust estate then remaining, with all accumulations thereof, to such issue then surviving, in equal parts, such issue to take *per stirpes* and not *per capita.*

"(C) In case my said daughter should die before the date of my death or should die before the entire trust estate is distributed to her, as set forth in paragraph (A,) leaving no child or children or issue thereof her surviving, or in case she should die leaving a child or children but the last survivor thereof should die before the time for final distribution, above provided for in paragraph (B,) without issue or the issue of any previously deceased child of my said daughter then surviving, then and in either of these events said trustee shall pay the entire net income from said trust estate to my sister, Rebecca S. Wentworth, during her life, and upon the death of my said sister, or upon the happening of said contingencies in case my said sister be not then living, said trustee shall pay over, convey and deliver the entire trust estate at that time existing, as follows: To my niece, Annie L. Waller, daughter of my said sister, Rebecca S. Wentworth, if living, one-half thereof, and if the said Annie L. Waller be not then living, then said one-half thereof to be divided equally among the children

WILLIAM F. WHITE. (Seal)

of the said Annie L. Waller then living; to Corolyn Wentworth and Hester Wentworth, daughters of my nephew, Edward C. Wentworth, or the survivor of them, one-fourth thereof, and to my nephew, Frank M. White, the son of my deceased brother, Henry White, one-fourth thereof.

"(E) I direct said trustee to permit my said daughter, Marguerite R. White, to have the use and occupation of my homestead property on Oakenwald avenue, in Chicago, Illinois, so long as she may desire to occupy the same.

"(F) It is my will and intention by the provisions hereinbefore made for my said daughter, Marguerite R. White, to provide for her comfortable support and maintenance during her life, and it is my will, and I direct, that all payments accruing to her under my will shall be made to her in person, without any power of anticipation or alienation, and that her interest hereunder shall not be liable to be taken for the satisfaction or payment of any obligation which may at any time be created by her or exist against her.

"(G) I hereby appoint said The Northern Trust Company executor of, as well as trustee under, this my last will and testa-

ment, and I direct that said executor pay all governmental charges, taxes or liens imposed on this estate, or the interests of any beneficiary therein, by any law of any State relating to the transmission of property by descent or devise, and I do further direct that all such charges, taxes and liens be paid by my said executor out of the *corpus* of my estate and not charged against the respective beneficiaries.

"In witness whereof I have hereunto, and at the foot of each of the six preceding pages hereof, set my hand and seal this 12th day of October, A. D. 1906.   WILLIAM F. WHITE. (Seal)"

The foregoing will was executed on the 12th day of October, 1906. Afterwards, on the 16th of February, 1910, the testator made and executed the following codicil to the said will:

"I, William F. White, do make, publish and declare this to be a codicil to my last will and testament bearing date the 12th day of October, 1906, and witnessed by Charles W. Hubbard, Alexander S. Falls and George W. Gordon, and I do hereby ratify and confirm my said last will and testament except in so far as the same may be modified by this codicil.

"I expressly direct that if at the respective times at which the principal of my trust estate is to be distributed to my daughter, Marguerite R. White, namely, five years, ten years and fifteen years after my death, my trustee shall be of the opinion that for any reason the best interests of my daughter demand that all or a portion of said trust estate continue to be held by my said trustee, then said trustee shall so continue to hold all or a portion of said trust estate, as it deems best, for the benefit of my said daughter until such time or times as in its judgment the same should be paid to her, or during her entire life if it deems such course advisable, and during the period during which said trust estate may be held under the directions contained in this codicil the net income from the same shall be paid to my said daughter in person, without power of anticipation or alienation or without having the same become liable for her debts, as is in said will provided, and in case of her death while any portion of said trust estate is being held for her, then the same shall be distributed in the same manner that it would be distributed under the terms of my said will in case of her death prior to the expiration of fifteen years from the time of my death."

The county court by its final order found the value of the real estate to which the testator held title to be $9150, and that said real estate consisted of the testator's home-

266 - 10

stead on Oakenwald avenue, in which the daughter was given a life estate. The life estate of the daughter in the homestead was valued at the sum of $6523.95, and this valuation is not questioned. The value of the household effects which were given to the daughter was $488.25, which, with the specific legacy of $1000 and the child's award of $3000, with the value of the homestead added, gives a total appraisable value of $8688.25. This amount being deducted from the total amount of the estate leaves the total value of the trust estate $75,153.83. By its final order the county court valued the estate and interest of Marguerite R. White Ash in the trust estate other than the real estate at $6382.57. The trust estate, after deducting the value of the homestead, is $66,003.83. The county court valued the interest of the daughter in the trust estate other than the homestead at $6382.57, which is stated to be the present value of the income for two years computed upon the trust estate. The result of this finding is to increase the amounts allotted to the contingent interests as remainder-men and to decrease the amounts that should be allotted for assessment to the daughter.

It will be observed by the terms of the will above set out that the controlling consideration of the testator was to make provision for his daughter during her lifetime, and this was the primary purpose of creating the trust. The will provides that the trustee shall collect and pay the daughter the income from said trust estate for the period of fifteen years, and provides that at the end of five years the trustee shall pay over and deliver to the daughter one-third of the principal of said trust estate, and at the end of ten years one-half of the remainder, and at the end of fifteen years, if she be then living, the balance of the estate. By the codicil these payments of the principal were made discretionary with the trustee, and power was given to the trustee to withhold the same if for any reason it appeared to be for the best interest of said daughter, but the codicil

expressly enjoined upon the trustee to continue to pay the income to said daughter and to hold said estate for her benefit during her entire life, if such course was deemed advisable. In any view that can be taken of the codicil, the daughter was given a life estate in the trust fund. The only way, under the provisions of the will, to terminate such life estate before the death of said daughter would be by the delivery to her of the principal. It is difficult to determine the basis upon which the county court fixed the value of the interests of the daughter, but it is apparent that the court fixed the value at a sum very much below the present value of a life estate in the trust fund. The real estate in which the daughter had a homestead, which is a life interest, was valued at $6523.95, and this amount is not questioned by either party. Adopting the same basis for the valuation of the life interest in the balance of the trust estate, which is $66,003.83, the present worth or taxable value of the life estate computed by the mortality tables would be $47,060.73. The difference between this amount and that fixed by the court is $40,678.16. If this amount be taxed at the rate fixed by the statute where the succession passes to a child, the amount of taxes would be very much less than if taxed at the rate fixed by the statute where the succession is by collaterals. Holding, as we do, that under the terms of the will the daughter is entitled to a life estate in the whole of the trust fund, it follows that the court erred in fixing the amount of inheritance tax that should be charged against appellant.

The judgment of the county court of Cook county is reversed and the cause remanded, with directions to enter a judgment in accordance with the views herein expressed.

*Reversed and remanded, with directions.*