In the Matter of the Application of ROXY CORLIES TRAINER, Petitioner, for the Payment of a Legacy by the Estate of MILLICENT D. SCOTT, Deceased.

Surrogate's Court, Suffolk County, July 25, 1927.

Wills — transfer tax — testatrix had life estate with power of appointment under will of father, resident of Pennsylvania — transfer tax on remainder, under Pennsylvania law, is payable at termination of life estate — testatrix, resident of this State, exercised power of appointment by bequeathing remainder to named person — testatrix directed that all transfer taxes be paid out of residue of estate — tax on remainder is payable out of residue.

The father of the testatrix, a resident of Pennsylvania, devised certain property in trust for her benefit for life with power of appointment. Testatrix, a resident

Surrogate's Court, Suffolk County, July, 1927.    [Vol. 130

of this State, executed a will in which she gave and bequeathed the principal of the trust fund to a resident of Pennsylvania. While the transfer tax on the remainder was not payable under the law of Pennsylvania until the termination of the life estate and ordinarily is payable out of the remainder, nevertheless, in view of the will of the testatrix, which gave and bequeathed the principal sum to the named person and also directed that all transfer taxes should be paid from the residue of the estate, the transfer taxes on the remainder must be paid from the residue.

APPLICATION under section 217 of the Surrogate's Court Act to compel the payment by the executor of an amount claimed to be owing to the petitioner by virtue of a provision contained in the will.

*Garrett A. Brownback* [*Ewing R. Philbin* of counsel], for the petitioner.

*Olin, Clark & Phelps* [*W. G. Murphy* of counsel], for the respondent.

PELLETREAU, S. Louis Dreka, the father of Mrs. Millicent D. Scott, the decedent herein, died testate in 1922, a resident of Pennsylvania. His will, probated in Philadelphia county, Penn., provided for a trust fund of $150,000 for the benefit of his daughter Millicent in the following words:

" *Item.* I give and bequeath to my Trustees hereinafter named and their successors in the trust, for the uses and with the powers following: — The sum of one hundred and fifty thousand dollars ($150,000) to be made up by setting aside securities at the value at which they may be appraised for the Federal estate tax, the same to be selected by my daughter, or if she fail to do so by my Trustees. * * * They shall pay over the net income from the said fund to my daughter, Millicent, at convenient stated intervals so long as she may live and upon the death of my daughter pay over the principal to such persons and institutions as she by her last will and testament may appoint, and in default of any appointment to those of my daughter's next of kin who would be entitled thereto under the intestate laws of Pennsylvania."

As Mr. Dreka was a Pennsylvania decedent, his entire estate was subject to the Pennsylvania transfer tax. This tax is at the rate of two per cent for property passing to lineal descendants and ten per cent for property passing to other people. Section 3 of the act (1919, June 20; P. L. 521, art. I) provides that where there is a taxable transfer " to take effect in possession or to come into actual enjoyment after the expiration of any one or more life-estates * * * the tax * * * shall not be payable * * * until the person liable for the same shall come into actual possession of such estate by the termination of the estates for life or years."

Accordingly, immediately after Mr. Dreka's death, Pennsylvania levied against this trust fund a tax on the life interest therein, and left open and undetermined until the exercise of the power of appointment and the vesting of the remainder interest, the question of the taxation of the remainder interest.

Mr. Dreka's daughter Millicent, who was this decedent, Millicent D. Scott, died on March 23, 1926, a resident of Millers Place, Suffolk county, leaving a will which was thereafter admitted to probate in this court. By that will she exercised in these words in favor of Roxy Corlies Trainer the power of appointment given to her in the Dreka will: "In exercise of the power of appointment given me in the will of my father, Louis Dreka, deceased, late of the City of Philadelphia, Pennsylvania, I hereby give and bequeath the principal of the trust fund of one hundred fifty thousand dollars ($150,000) created under his will and in which I have a life interest, unto Roxy Corlies Trainer of Media, Pennsylvania, her heirs and assigns forever."

Mrs. Scott then gave to three friends legacies of $10,000 each and bequeathed her residuary estate to her husband, Thomas B. Scott, whom she appointed sole executor. Her will also contained this clause (¶ 4): "4. All estate, inheritance, transfer succession and legacy taxes payable by my estate or payable on the legacies given herein shall be paid out of the residue of my estate."

Mrs. Millicent D. Scott had the income from the aforesaid ($150,000) trust fund but she did not own that trust fund. Under the will of her father her only interest in the fund was the right during her life to its income and the power of appointment, which latter would determine the final disposition to the said fund. The property over which a person has the power of appointment does not belong to that person. The person taking the property under the exercise of the power does not take from the person who exercises that power but from the person who created it. To my mind were it not for the aforesaid paragraph "4" of the will of Millicent D. Scott the entire inheritance or transfer tax should be paid from the fund so created by Louis Dreka, a resident of Pennsylvania, whose will was in that State probated. It was a part of his estate. In this case Millicent D. Scott, who had the the power of appointment, possessed an independent estate of her own and she could dispose of her own estate as she wished. When boiled down the controversy resolves itself into this question, is this tax "payable on (a legacy) given" in Mrs. Scott's will. This trust fund was not part of her estate.

The petitioner, Roxy Corlies Trainer, in this proceeding is asserting that under the hereinafter and above quoted "paragraph

4 " of Mrs. Scott's will she is entitled to the repayment to her from the Scott estate of the amount of this tax and that she, in addition to being the appointee of the trust fund, is a legatee of Mrs. Scott's to the extent of the tax.   This contention is denied by the respondent.   The taxation of remainders which come into possession for the determination of life estates are troublesome things.   Pennsylvania, where this trust was created, suspends the taxation of remainders until the vesting thereof.   Had Millicent D. Scott died intestate the tax upon the remainder of said trust fund would have been paid from the fund itself.   The Commonwealth of Pennsylvania, however, is not particular who pays the tax so long as it gets the money.

Mrs. Millicent D. Scott in the exercise of her legal rights in the disposition of her own property could if she so decided direct that the tax upon the fund in question be paid from her own residuary estate.   I do not know what her intention was, except as such intention was expressed in her will.   What did Mrs. Scott mean by paragraph 4, aforesaid, of her will?   If interpreted under the rule laid down in *Isham* v. *N. Y. Assn. for Poor* (177 N. Y. 218) there is nothing ambiguous or equivocal in that paragraph.

In the *Isham* case as in the present situation the testatrix executed by her will a general power of appointment over a trust fund, also created by her father's will; in exercising it she used the same language as here, " give and bequeath."   It directed her executors " to pay out of my residuary estate any and all transfer or inheritance   taxes that may be imposed or become due upon any of the legacies hereinbefore made, whether such taxes be State or Federal." The residuary estate was bequeathed to a sister; the court unanimously held that in the exercise of the power of appointment, the testatrix made a gift or bequest; that being a legacy the executors were required, under the above-quoted clause of the will, to pay the transfer tax payable upon the trust fund out of the residuary estate, and that it was not payable out of the trust fund itself.

For the above reasons I conclude that the aforesaid tax upon the remainder should be paid from the residuary estate of Millicent D. Scott, and under the authority of *Matter of McGowan* (124 N. Y. 526) that interest be added to such amount to be computed from April 26, 1927.   Submit decree accordingly.