## (October 15, 1958)

■ In the Matter of the Application of HERBERT E. RUBEN for Admission to Practice as an Attorney. (From the State of Illinois.) — Application granted. Present — Beldock, Acting P. J., Murphy, Ughetta and Hallinan, JJ.

## (October 20, 1958)

■ In the Matter of the Accounting of GERTRUDE MARCONE, as Surviving Executrix of BORISS ABESS, Deceased, Appellant. NICHOLAS H. PINTO, as Special Guardian, Respondent.— Motion to dismiss appeal granted, without costs, and appeal dismissed. The appellant is not a party aggrieved. (*Isham v. New York Assn. for Poor,* 177 N. Y. 218.) Present — Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ.

■ CARL U. ACKERLIND et al., Respondents, v. TEMPLE SINAI, Appellant. — In an action to enjoin the use and occupation of certain premises as a community house, allegedly in violation of covenants restricting said premises to use as a dwelling house for occupancy by not more than one family, the appeal is from an order denying a motion for judgment on the pleadings dismissing the supplemental complaint or the complaint as supplemented, or, in the alternative, for the relief warranted by the admissions of the plaintiffs in exhibits annexed to the allegations supplementing the complaint. Order affirmed, with $10 costs and disbursements. No opinion. Wenzel, Acting P. J., Beldock, Murphy, Hallinan and Kleinfeld, JJ., concur.

■ MARTHA BLUNT, as Administratrix of the Estate of JOHN BLUNT, Deceased, Plaintiff, v. CITY OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant. DERRICO SALVAGE COMPANY, Third-Party Defendant-Respondent.— In an action against the City of New York to recover damages for wrongful death, the city served a third-party complaint on Derrico Salvage Company, the intestate's employer. During the trial the third-party complaint was dismissed, and the jury rendered a verdict in favor of plaintiff against the city. The city appeals from so much of the judgment entered thereon as dismissed the third-party complaint. Judgment, insofar as appealed from, unanimously affirmed, with costs. The third-party complaint was based solely upon a specific indemnity agreement contained in a contract entered into between appellant and respondent. On the trial appellant abandoned its claim under the specific agreement pleaded and sought to invoke other indemnity provisions of the contract, not pleaded in the third-party complaint. Appellant's motion to amend its pleading for that purpose was denied. We find no error in the denial of the motion (cf. *Berkenstat* v. *Oliver,* 275 App. Div. 679). In any event the evidence established that the indemnity provisions in the contract, upon which appellant sought to base its claim, had not, by the terms of the contract, commenced to operate when the accident complained of occurred and was insufficient to establish that the intestate was killed under circumstances which would have permitted appellant to invoke said contract. Present — Nolan, P. J., Wenzel, Ughetta, Hallinan and Kleinfeld, JJ.