17888

George L. DIAL, J. M. Bigham, Executors, and Alice C. Seibels, Executrix, under the Last Will and Testament of Rosamond K. Seibels, Appellants, v. RIDGEWOOD TUBERCULOSIS SANATORIUM, Columbia, S. C., George R. P. Walker, Jr., Harriet Moore Walker, John Page Seibels, Mary Page Seibels, of whom Ridgewood Tuberculosis Sanatorium is, Respondent, and George R. P. Walker, Jr., Harriet Moore Walker, John Page Seibels, and Mary Page Seibels, are, Appellants.

(124 S. E. (2d) 598)

*Messrs. Herbert & Dial,* of Columbia, *for the Appellants-Plaintiffs,* and *A. T. Graydon,* of Columbia, *for the Appellants-Defendants,*

*Messrs. Roberts, Jennings, Thomas & Lumpkin,* of Columbia, and *Daniel R. McLeod, Attorney General, on the Brief, for Respondent,*

*Messrs. Herbert & Dial,* of Columbia, *for the Appellants-Plaintiffs,* and *A. T. Graydon,* of Columbia, *for the Appellants-Defendants, in Reply,*

March 15, 1962.

LEGGE, Justice.

Mrs. Rosamond K. Seibels died on May 27, 1960, leaving a will which has been admitted to probate in Richland County. By it she disposed of property belonging to her personally, appraised at $294,000.00, and also, by exercise of a power of appointment under the will of her late husband, of the property of a trust estate created by his will and of which she had been the beneficiary during her life. That property has been appraised at $207,000.00.

Item IX of Mrs. Seibels' will reads as follows:

"I direct that all federal estate taxes and all state inheritance taxes or estate taxes assessed against my estate or upon the beneficiaries of any devise or bequest shall be paid by my executors from my residuary estate and such payment shall not be charged against the respective share, legacy or devise of any beneficiary under this my will; and then after the payment of all bequests, legacies, debts, expenses, commissions and taxes, all of the rest, residue and remainder of my estate I give, devise and bequeath unto the Ridgewood Tuberculosis Sanatorium, Columbia, South Carolina."

The executors and executrix, alleging that under the provision of this item they should pay from the residuary estate all estate and inheritance taxes, including those assessed in respect of the property over which the testatrix exercised her said power of appointment or upon the beneficiaries of any devise or bequest of such property, brought this action for the purpose of obtaining an adjudication to that effect. The residuary beneficiary, joined as a defendant, took the view that the taxes in question should be equitably apportioned among the residuary and the respective beneficiaries of the appointed property. This appeal is from a circuit court order upholding that view.

Mrs. Seibels and her husband, Mr. Edwin G. Seibels, together owned the majority of the Class "A" or voting stock of Seibels, Bruce & Co., (formerly incorporated under the name of Edwin G. Seibels, Manager). By his will dated March 19, 1953, he bequeathed one-half of his stock in that company, one-fourth of his stock in Greenfield Construction Co., and five thousand ($5,000.00) dollars, to three trustees, of whom his wife was one, directed that they pay the income to her during her life; and provided, in the following language, for her disposition of the trust property by her will:

"I hereby give to my said wife, Rosamond K. Seibels, the power to appoint by her last will and testament the disposition free of this trust of the entire corpus or any part thereof remaining in the trust at the date of her death; and from and after her death I give, devise and bequeath such corpus of the trust to such persons, corporations or estates, including my said wife's estate, and in such proportions and amounts and upon such provisions as my said wife may, by her last will and testament, designate and appoint."

Mrs. Seibels executed her will in New York, N. Y., on October 31, 1958. The record here does not disclose whether or not it had been prepared by her counsel in Columbia, S. C.; but it has been stipulated that her Columbia counsel wrote to her, at her New York address, under date October 1, 1958, and in that letter, after estimating the amount of her estate, said: "This includes the part of Mr. Seibels' estate over which you have a power of appointment and will be taxed as a part of your estate."

Following is a brief synopsis of Mrs. Seibels' will and its two codicils.

Items I and II are formal, the first relating to payment of debts and the second providing that anyone contesting the will should be barred of benefits under it.

In Item III, using the words "give, devise and bequeath", the testatrix makes twelve cash bequests, totaling $51,500-.00.

In Item IV, after recital of the trust under her husband's will and her power to appoint by will the disposition of the trust property, she declares: "I now hereby specifically execute such power of appointment." And she proceeds, in seven sub-paragraphs, to "give, devise and bequeath" the trust property as follows:

1. Unto J. Smith Harrison, thirty-one (31) shares of Class "A" stock of Seibels, Bruce & Co.

2. Unto J. M. Bigham and his wife Sara Ruff Bigham, thirty-one (31) shares of Class "A" stock of Seibels, Bruce & Co.

3. Unto George L. Dial, thirty-one (31) shares of Class "A" stock of Seibels, Bruce & Co., in trust for the use of Fred Sample for his life and upon his death to George R. P. Walker, Jr., outright.

4. Unto George R. P. Walker, Jr., son of Mary Ross Seibels Walker Cosby, fifty (50) shares of Class "A" stock of Seibels, Bruce & Co.

5. Unto John Page Seibels, son of Calder W. Seibels, "twenty-seven and one-half (27½) shares of my stock in Greenfield Construction Company".

6. Unto St. Timothy's Episcopal Church, "fifty (50) shares of my stock in Greenfield Construction Company".

7. Unto the Faculty Endowment Fund of the University of South Carolina, five thousand ($5,000.00) dollars.

In Item V she "gives, devises and bequeaths" fifteen (15) shares of Class "A" stock of Seibels, Bruce & Co., owned by her personally, to J. Smith Harrison.

Item VI directs the sale of her residence and disposition of the proceeds as part of her residuary estate.

Item VII authorizes the executors to continue for one year the employment of her household employees.

Item VIII gives the executors discretionary power to sell any property not specifically bequeathed or devised.

Item IX, providing for payment of taxes and disposition of the residuary estate, has been already set out in full.

Item X refers to a memorandum of instructions as to disposition of certain items of personal property.

Item XI appoints George L. Dial and J. M. Bigham, Sr., executors, and Mrs. Alice C. Seibels, executrix.

The first codicil, dated April 29, 1959:

1. Revoked two cash bequests under Item III of the will;

2. Revoked sub-paragraphs 1, 2 and 3 of Item IV of the will, which had disposed of ninety-three (93) shares of Class "A" stock of Seibels, Bruce & Co., being a portion of the trust estate under her husband's will, and instead "gave, devised and bequeathed" twenty-one and one-half (21½) shares to George R. P. Walker, Jr., and seventy-one (71½) shares to John Page Seibels;

3. Revoked sub-paragraph 5 of Item IV of the will, which had disposed of twenty-seven and one-half (27½) shares of "my" stock in Greenfield Construction Company, being a portion of the trust estate under her husband's will, and substituted in its stead: "I give, devise and bequeath unto Mary Page Seibels, of Columbia, South Carolina, twenty-seven and one-half (27½) shares of my stock in Greenfield Construction Company";

4. Revoked Item V of the will, which had disposed of fifteen (15) shares of Class "A" stock of Seibels, Bruce & Co. owned by her personally, and instead "gave, devised and bequeathed" the same to Harriett Moore Walker; and

5. "Gave, devised and bequeathed" unto Fred Sample five thousand ($5,000.00) dollars.

The second codicil, dated May 2, 1960:

1. Amended the bequest to John Page Seibels, in the first codicil, of seventy-one and one-half (71½) shares of Class "A" stock of Seibels, Bruce & Co., so as to "give, devise and bequeath" said shares to George L. Dial as trustee, to hold and manage for the use of John P. Seibels until the latter should reach the age of twenty-five years, and thereupon to deliver the same to him "in fee simple forever";

2. "Gave, devised and bequeathed" to Mrs. Alice C. Seibels thirty-three (33) shares of the stock of Greenfield Company owned by the testatrix personally; and

3. "Gave, devised and bequeathed" to a friend, Miss J. Ruth Clarke, any balance payable after the death of the testatrix under any life insurance contract or annuity owned by the testrix.

In *Myers v. Sinkler*, 235 S. C. 162, 110 S. E. (2d) 241, upon which the order here appealed from was based, the taxable estate consisted of two separate entities: (1) the property of the testatrix, *i. e.,* the probate estate; and (2) the assets of an irrevocable *inter vivos* trust which she had created eighteen years prior to the execution·of her will, and as to which she had no power of testamentary disposition. The will provided "that all inheritance, transfer and estate taxes, State and Federal, imposed against my estate or upon any of the legatees or beneficiaries under this Will, shall be paid out of my residuary estate as an expense of administration, in order that all legacies and bequests made by my Will shall be free from the same." Construing this provision as not expressing intent to charge the residuary probate estate with the burden of taxes generated by the transfer of the non-probate trust estate, we held that the lower court had properly applied the principle of equitable apportionment as more realistically taking into account the separate identities of the two estates and the testatrix' apparent unawareness of the fact that the assets of the *inter vivos* trust would, upon her death, be included in the "taxable estate" for the purpose of the taxes in question.

The factual background of *Myers v. Sinkler* was quite unlike that of the case now before us. In Myers, the testatrix had no power of disposition over the *inter vivos* trust and it was apparent that she was not aware that its assets would become a part of her taxable estate. In the case at bar, the testatrix had absolute power by her will to dispose of the assets of the trust that had been created under her husband's

will; and she had been advised by her lawyer that those assets would be included in her taxable estate.

As a matter of law, since Mrs. Seibels had only a power of appointment over the trust property, it was under her husband's will that that property passed to her appointees. But in point of fact her power to dispose of it by her will was as absolute as if she owned it personally. And it is significant, as bearing upon the intent of the provisions of Item IX that throughout the will and both codicils she dealt with it in the same dispositive language, "give, devise and bequeath", that she used in disposing of her own property, and that in both the will and the first codicil she referred to certain stock, part of the trust corpus, as "my stock".

In *Isham v. New York Ass'n for Improving The Condition of The Poor* (1904), 177 N. Y. 218, 69 N. E. 367, the issue was whether the transfer taxes payable upon a fund held in trust for the testatrix during her life, and which she disposed of by her will in the exercise of a power of appointment, should be paid out of the trust fund or out of the residuary estate. The Court of Appeals, affirming the lower court's ruling that the taxes should be paid from the residuary estate, said:

"The trust fund had been created for her by her father's will, which directed the trustee to pay over the principal as she might by will direct, and which authorized her to so dispose of the same. When she made her will she first proceeded to 'give and bequeath' the trust fund, over which she was given the power of disposition by will, to various charitable institutions, and then she made bequests to various persons, aggregating a very large sum of money  *  *  *. Having made these bequests, she next directed and authorized her executors, in the twenty-third clause, 'to pay out of my residuary estate any and all transfer or inheritance taxes that may be imposed or become due upon any of the legacies hereinbefore made, whether such taxes be State or Federal.' In the succeeding clause, she constituted her sister

Emily A. Watson her residuary legatee, including in that disposition any of the legacies which might lapse, and all of her estate not effectually disposed of. * * *

"Upon the merits of this controversy, I do not think any reasonable doubt can be entertained as to the correctness of the determination made below. Whether we regard the intention, as exhibited by the comprehensiveness of the language used by the testatrix in directing the payment of 'any and all transfer or inheritance taxes' out of her residuary estate, or whether we regard the effect and nature of the exercise by her of the power of appointment, it must be very clear that the appointees of the fund were to take their shares thereof without diminution through imposition of federal or state taxes upon the transfer. It may be true that they take under the execution of the power of appointment, and therefore through a source of title emanating from the will of this testatrix's father; but that does not affect the question presented, which is whether, in exercising the power, she has made a gift or a legacy to the extent of its exercise. She evidently supposed that she was doing precisely that, for she used the words 'I give and bequeath', and the authorities are to that effect. * * * A legacy is a disposition of personal property by will, and when this testatrix directed her executors to pay the transfer taxes that might be imposed upon any of the legacies which she had made, she meant, and she must be assumed, in law to have meant, all the preceding dispositions by her, whether of the trust fund or of her individual estate."

Cf. *Fidelity Union Trust Co. v. Suydam* (1939), 125 N. J. Eq. 458, 6 A. (2d) 392, where the court, in ruling that the testatrix had not intended to charge her residuary estate with payment of transfer taxes relating to a trust estate under her husband's will over which she had and exercised a power of appointment, stressed the radical difference in language" between her disposal of her own estate and that of the trust property. To the same effect is *Hooker v. Dray-*

*ton* (1943), 69 R. I. 290, 33 A. (2d) 206, 150 A. L. R. 723.

In the case at bar, the unvarying use of the words "give, devise and bequeath" in her references to the trust property would seem clearly to indicate that the testatrix viewed that property as her own and her disposition of it to the respective beneficiaries as legacies or bequests from her. And it is significant that having thus in the first eight items of her will disposed of both that property and her own in identical terms, she then provided, in Item IX: that all inheritance or estate taxes assessed against "my estate or upon the beneficiaries of any devise or bequest" should be paid "from my residuary estate"; that such payment should "not be charged against the respective share, legacy or devise of any beneficiary under this my will"; and that "then after the payment of all bequests, legacies, debts, expenses, commissions and taxes", the rest and residue of "my estate" should go to the Ridgewood Tuberculosis Sanatorium.

In the light of her awareness that the trust property would be included in her taxable estate, we think that the provisions of Item IX, taken in context with the rest of Mrs. Seibels' will, expressed her intention and direction to charge her residuary estate with the payment of all inheritance and estate taxes, including those assessed upon the property of the trust estate and upon the recipients of that property.

Reversed.

TAYLOR, C. J., and Moss and LEWIS, JJ., concur.