Millard L. Midonick, S.
This motion is made on behalf of the executors to strike an infant party and to vacate the appointment of a guardian ad litem representing such infant in a proceeding to construe the testator’s will. Since the infant was *491 named as an interested party in the petition and was served with citation, it was the obligation of the court to provide the infant with representation by a guardian ad litem (SOPA 403, •subd. 2) and so long as the infant remains a party to the proceeding, whether as a necessary party or as a proper party, the statutory requirement as to the appointment of a guardian ad litem must be complied with.
The will provides for two trust funds, the first (fund A) apparently was intended to accomplish a marital tax deduction and, in conformity with tax requirements, grants the widow a power to appoint the trust principal. In default of appointment the 'trust principal will augment the second trust fund. The latter fund (fund B), consisting of the balance of the residuary estate, is for the benefit of the testator’s widow with the remainder payable to the brothers and sisters of the testator. The infant party, as a niece of the testator, has a contingent interest in the remainder of fund B and a contingent interest in the remainder of fund A dependent either upon the failure of the widow to appoint such fund or the chance that the niece might be an appointee of the widow. The will directs that estate taxes be paid from fund B.
One of the issues in this construction proceeding is whether or not the widow relinquished her power of appointment by a written agreement which she entered into with the testator.
The father of the infant party is a brother of the testator and is a party to this proceeding as a petitioning coexecutor. Under the concept of virtual representation (SOPA 315) it was not necessary to cite the infant unless there exists some adversity of interests between her and her father. The guardian ad litem suggests that a brief submitted in this construction proceeding on behalf of the executors assumes a position contrary to the best interests of the infant in stating that the testamentary power of appointment is not exercisable. Whether or not this is an accurate appraisal of the situation cannot be determined until the will has been construed, the estate tax obligations of the estate have been determined, the funds available for tax payments have been ascertained and a tax apportionment has been accomplished. Conced'edly the position advocated by the executors would deprive the estate of a marital deduction in the estate tax returns but an affidavit of an attorney representing the executors states that trust fund B, in which the infant has a contingent remainder interest, will be consumed by its application to taxes whether or not the estate derives the benefit of a marital tax deduction. On the other hand it can be seen *492 that the elimination of the widow’s power of appointment would assure the infant of a contingent remainder interest in fund A.
Whatever position the infant’s father, may have taken up to this point, there is no apparent conflict of interests by reason of the fact that he is a fiduciary petitioning for a construction of the will because, as a fiduciary, he is a nonpartisan and- is under no obligation to contend for a particular construction of the will. As a fiduciary his complete lack of interest is evidenced by the fact that, in such capacity, he would be denied the privilege of appealing as an aggrieved person from any determination made by this court (Isham v. New York Assn. for Improving Conditions of Poor, 177 N. Y. 218, 222).
Under SCPA 315 citation of the representatives of a class having more remote interests gives the court complete jurisdiction of the necessary parties. If the parent of the infant is asserting a position that is not in conformity with the thinking of the guardian ad litem, such conflict of opinions must be regarded as one of the hazards inherent in the concept of virtual representation since, under that method of obtaining jurisdiction of parties, there can be no assurance that the representative who is cited will protect, the class, which he represents or even that he will not default in appearing on behalf of himself. It is to be assumed that the father will act to protect his own interests and it will follow that in so doing he will be protecting his infant daughter’s interests which are of the same legal nature as his own.
In Matter of Cowles (22 A D 2d 365) the refusal of Special Term of the Supreme Court to strike infant parties in a trust accounting was affirmed but in that case the matter had reached the appellate court after the lower court had determined the merits of issues raised on behalf of infants by their guardian ad litem and the striking of the infant parties would have left them without representation on the appeal. The relevancy of this decision to the instant motion rests upon the statement of the Appellate Division that the granting of a motion to strike rests in the sound discretion of the trial court.
The concept of virtual representation has been regarded generally as an advance in procedural methods and as a means of expediting relief and of reducing the expense of litigation while at the same time providing both a sufficient basis for jurisdiction and adequate protection to all interests requiring representation in a proceeding. At this early stage of the present proceeding, when no adjudication as to the merit of any question of law or fact has been under judicial consideration, if seems *493 appropriate that the virtual representation statute be given the operative effect intended by the Legislature. Accordingly, the motion to strike the infant party and to vacate the appointment of the guardian ad litem is granted.