## KEENER, EXECUTOR, *v.* GRUBB, GUARDIAN.

[No. 7,263.   Filed November 16, 1909.]

1. APPEAL.—*Executors and Administrators.—Descent and Distribution.—Decedents' Estates.*—An executor, where he has reasonable grounds for believing that an order of the trial court for the distribution of the testator's property is erroneous, has the right of appeal.   p. 565.
2. HUSBAND AND WIFE.—*Deeds.—Wife's Failure to Join in.*—A surviving wife who failed to join in her husband's deed becomes, by virtue of her marital rights, the owner in fee simple of the undivided one-third of the property so conveyed.   p. 567.

3. DESCENT AND DISTRIBUTION.—*Widows.*—*Decedents' Estates.*—A wife's refusal to join her husband in his deed, and her subsequent claim, as widow, of one-third of the land conveyed, do not preclude her from claiming her statutory rights as his widow.  p. 567.

From Allen Circuit Court; *E. O'Rourke,* Judge.

Final report by Aaron M. Keener, as executor of the last will of John Thimlar, deceased, to which Ira I. Grubb, as guardian of Isabelle Thimlar, a person of unsound mind, excepts. From a judgment for the exceptor, the executor appeals. *Affirmed.*

*Ballou & Hoffman* and *Leonard & Townsend,* for appellant.
*Walpole G. Colerick,* for appellee.

WATSON, J.—The appellee filed his motion to dismiss the appeal herein, for the reason that the appellant had no appealable interest. This motion will have to be overruled on the authority of *Ruch* v. *Biery* (1887), 110 Ind. 444.

The executor in this cause filed his final report in the Allen Circuit Court for confirmation and approval, and asked therein that the widow of said decedent should not be permitted to share in the distribution of the proceeds from three notes given as purchase money for certain real estate of which decedent was seized and in the conveyance of which his wife did not join. To so much of the final report as sought to eliminate the widow from sharing in the distribution of the proceeds from these notes, Ira I. Grubb, as guardian of Isabelle Thimlar (a person of unsound mind and widow of decedent), objected and excepted for and on behalf of his said ward. The court heard the exceptions, and, upon request, made special finding of facts and stated its conclusions of law thereon. The facts which are necessary to determine the controversy involved in this appeal are substantially as follows: That John Thimlar died testate in Allen county, Indiana, on May 2, 1906; that his will was duly probated on May 11, 1906, and disposed of his property both personal and real; that his widow, Isabelle Thim-

lar, refused to accept and abide by the provisions of said will, and renounced the same and elected to take and receive in lieu thereof as such widow under the laws of the State of Indiana, which renunciation was made on May 12, 1906; that Aaron M. Keener duly qualified as executor of the will of said decedent on May 11, 1906; that on May 1, 1905, said decedent, John Thimlar, was the owner in fee simple of certain described real estate—about sixty-three acres—in Allen county, Indiana; that on said day he sold and conveyed the undivided two-thirds thereof to his son, Levi Thimlar; that the consideration for the conveyance of said real estate was $3,300; that said Isabelle Thimlar, who was then his wife and afterwards his widow, did not join with her said husband in the execution of said deed of conveyance, and never at any time or in any manner conveyed or released her inchoate interest in and to said parcel of real estate; that said Levi Thimlar, as part of the purchase money for said real estate, executed his five notes, each for the sum of $535.40, payable one, two, three, four and five years from date, with interest; that said executor received from three of the purchase notes before described $1,846.01.

As conclusions of law on the facts found, the court found: (1) That, by reason of the failure of said Isabelle Thimlar, as the wife of said John Thimlar, to join with him in the deed of conveyance so executed by him to said Levi Thimlar for the parcel of real estate before described, her inchoate interest therein as such wife was not by said deed conveyed, and that, afterwards, on and by reason of the death of said John Thimlar, who was then her husband, her said inchoate interest in said parcel of real estate matured, and thereby she became the owner in fee simple of the undivided one-third of said parcel of real estate in value; (2) that the interest which said Isabelle Thimlar so acquired in said parcel of real estate was derived by her, not as the widow or heir at law of said John Thimlar, but was acquired by her solely under and by virtue of her marital rights as his wife; (3) that the

acquirement by said Isabelle Thimlar, as such wife, of said interest in said parcel of real estate did not, and does not, in any manner, affect, reduce or lessen the interest which she acquired by descent in the property, real and personal, owned by said John Thimlar, at the time of his death, as his widow.

To these conclusions of law the appellant excepted.

Section 3029 Burns 1908, §2491 R. S. 1881, provides: "A surviving wife is entitled, except as in section seventeen [§2483] excepted, to one-third of all the real estate of which her husband may have been seized in fee simple at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law, and also of all lands in which her husband had an equitable interest at the time of his death."

The Supreme and Appellate Courts of this State have repeatedly construed the section before quoted, and have uniformly held that the widow of a decedent does not take under it as an heir of her husband, but by virtue of her marital rights; that the interest of the wife attaches to the real estate by virtue of the seizin of the husband during their marriage, and no conveyance of his, in which his wife did not join, will divest or extinguish her interest therein. *Brannon* v. *May* (1873), 42 Ind. 92; *Hendrix* v. *McBeth* (1882), 87 Ind. 287; *McKinney* v. *Smith* (1886), 106 Ind. 404; *Fry* v. *Hare* (1906), 166 Ind. 415; *Turner* v. *Heinberg* (1903), 30 Ind. App. 615.

The fact that Isabelle Thimlar, widow, did not join her husband, John Thimlar, in the deed, or in any manner part with her inchoate interest in and to said land sold to Levi Thimlar, thereby upon the death of her husband becoming the owner in fee of one-third thereof in value, does not preclude her as the widow of said decedent from sharing in his estate under §§3014, 3018 Burns 1908, §2483 R. S. 1881, Acts 1899, p. 131, §1.

The court did not err in its conclusions of law upon the facts found. Judgment affirmed.