## Case, Executor, v. Deal et al.

[No. 22,066. Filed April 2, 1912.]

1. **Appeal.**—*Who May Appeal.*—*Party in Interest.*—Under the provisions of §671 Burns 1908, §632 R. S. 1881, authorizing an appeal by "either party" to an action, only a party having an interest in the subject-matter of the judgment appealed from may challenge its correctness by appeal. p. 290.

2. **Executors and Administrators.**—*Actions.*—*Right to Appeal.*— Where the only question involved in a petition to construe a will was whether a certain devise vested at the death of the testator, or was postponed to a time certain, fixed for distribution and was contingent on the devisee being alive at that time, an executor who has no interest in the matter other than his administrative duties relating to the distribution of the estate, has no such interest as will authorize an appeal by him from the judgment construing such will. p. 291.

From LaGrange Circuit Court; *James Story Drake,* Judge.

Action by Riley C. Case, as executor of the will of Randall L. Case, deceased, against Clarence C. Deal and others. From a judgment construing said will, the plaintiff appeals. *Appeal dismissed.*

*Gaylord H. Case, Charles P. Drummond* and *Donald P. Drummond,* for appellant.

*John W. Hanan, Louis B. Ewbank* and *J. Frank Hanan,* for appellee.

Cox, J.—Appellant, as executor of the will of Riley C. Case, deceased, brought this action to construe that instrument solely with relation to the question of distribution, raised by the conflicting claims of certain legatees and devisees and those claiming through them, under the provisions of the following clause of the will:

"Item Four. The residue of my property I bequeath to the following named nephews and nieces to wit: Clarence C. Deal, Riley C. Case, Gay Case, Fay Devenbaugh, Nettie Case and Glenn Case. In case any of the persons named as heirs should die before distribution is made, then that share should be divided among the living heirs according to the provisions of this my will. The distribution shall be made in the following proportions, the nephews shall each receive $5 while the nieces shall receive $3 each, the estate to be divided in the proportion of five to three as named and provided in this will. Certain lands in North Dakota [discribing them]. I direct this land shall not be sold and the money received for it shall not be distributed until four years after my death."

The residuary estate thus disposed of by the testator consisted of personal property and real estate. The niece Nettie Case, named in this provision of the will as the devisee of an interest in the residuary estate, survived the testator, but subsequently to his death she died, leaving a husband and a father and mother. The question involved in the pe-

tition for the construction of the will was whether the devise to Nettie Case vested at the death of the testator, and descended upon her death to her heirs, or, on the contrary, whether the vesting of it was postponed to a time certain fixed for distribution, and was contingent upon her being alive at that time. The surviving husband, father and mother of Nettie Case, together with all the other devisees and legatees, were made parties, and issues were formed involving these conflicting claims. These issues were submitted to the court for trial. Special findings of facts were made and conclusions of law stated, and a judgment rendered determining the issue in favor of the husband, father and mother of Nettie Case. The other devisees and legatees were, apparently, satisfied with the conclusions of law and the judgment of the court, for they took no exception and are not appellants. The executor, in his representative capacity, alone excepted to the court's conclusions of law, prosecutes this appeal, and asks a reversal, on the ground that the court erred in its conclusions of law.

A motion to dismiss the appeal is made by appellees, based on the ground that the executor has no appealable interest. In opposition to this motion, counsel for appellant

1. claim that the broad provision of §671 Burns 1908, §632 R. S. 1881, authorizing an appeal by "either party" establishes his right to appeal in this case, even though he has no interest. But the contrary of this is settled. The rule is that only a party having an interest in the subject-matter of the judgment appealed from may challenge its correctness by appeal. One has no right to appeal from a judgment that only affects the rights of others who were parties to it, and who might themselves appeal from it if not content with it. *Poundstone* v. *Baldwin* (1896), 145 Ind. 139, 144, 44 N. E. 191; *Murphey* v. *Murphey* (1910), 174 Ind. 426, 92 N. E. 165; *Bryant* v. *Thompson* (1891), 128 N. Y. 426, 28 N. E. 522, 13 L. R. A. 745; *Isham* v. *New York Assn., etc.* (1904), 177 N. Y. 218, 69 N. E. 367.

It is apparent that appellant in his representative capacity had no interest in the matter other than his administrative duties relating to the distribution of the estate. So far as actual conflicting interests were concerned, the parties holding them were before the court and litigated them, and they were settled by the court. They are not questioning the correctness of the court's judgment, and appellant cannot do so, for whether the share of Nettie Case goes to one set or the other of the claimants, is of no concern to him. The settlement of this question necessarily removed any doubt as to his duties in making distribution.

In the cases of *Ruch* v. *Biery* (1887), 110 Ind. 444, 11 N. E. 312, and *Keener* v. *Grubb* (1909), 44 Ind. App. 564, 89 N. E. 896, it was held where questions of distribution arise on the presentation of a final report and exceptions thereto, and the administrator or executor has reasonable grounds to believe that the court has fallen into error in its judgment and order of distribution, he may appeal therefrom. A manifest distinction exists between those cases and the class in which *Murphey* v. *Murphey, supra,* and this are. In the latter there is a distinct adversary proceeding with all the parties who may be affected before the court; in the former, there is not, necessarily, and interests may be involved with no one to represent them but the executor or administrator.

It being obvious that appellant has no appealable interest, the appeal is dismissed.

Note.—Reported in 98 N. E. 56. See, also, under (1) 2 Cyc. 628; (2) 2 Cyc. 640 and 18 Cyc. 1081.