## KING v. BUTTOLPH et al.

Circuit Court of Appeals, Ninth Circuit.
February 18, 1929.

Rehearing Denied March 28, 1929.

No. 5545.

Morrison, Hohfeld, Foerster, Shuman & Clark, of San Francisco, Cal., for appellant.

Ulrich & Hite, of Honolulu, Hawaii, and Grove J. Fink, of San Francisco, Cal., for appellees.

Before GILBERT, RUDKIN, and DIETRICH, Circuit Judges.

GILBERT, Circuit Judge. The parties to this appeal united in submitting to the court below for construction the question of the intention of a testatrix, as expressed in certain provisions of her last will and testament. In that instrument she appointed King and Buttolph her executors, and made Buttolph and the Bishop Trust Company devisees of the remainder of her estate in trust for certain designated purposes. The court below heard and disposed of the controversy and placed a construction upon those provisions of the will which were presented for interpretation. The executor Buttolph and the Bishop Trust Company are content with the decision thus rendered, and said executor refused to join in the appeal.

The other executor, in appealing from the decision of the court below, assigns error to the construction given by that court to the following paragraph of the will: "I give and bequeath all other of my personal effects including books, pictures, household linen, china, glass and wearing apparel not herein otherwise mentioned or bequeathed specifically to my executors requesting them to distribute the same at their discretion to my friends."

It is argued that the court erred in adjudging that all the excess articles of jewelry owned by the testatrix in addition to those articles of jewelry which she described and specifically bequeathed to named devisees by her will are part of the residuary estate of the testatrix and subject to the residuary clause of her will, and it is contended that the intention of the testatrix was to leave all of said articles of jewelry not specifically bequeathed by her will to the executors to be by them distributed at their discretion to such of her friends as they might appoint and select as recipients of the same.

The question is presented whether or not the appellant has a right of appeal. He stands alone in contesting the validity of the decision of the court below. He represents the interest of no person affected by the decision, or who might be the recipient of any of the articles of jewelry which he contends were left to the executors to distribute in their discretion, and there is no means of identifying such persons. It is of no moment to him in his official capacity whether the jewelry is given to unknown donees, or is given to the trustees for the benefit of the trust estate. We think that he has no standing as an appellant in the case, and that the appeal should be dismissed. It is fundamental that an appellant must either have or represent an interest in the subject-matter of

the appeal, and it is generally held that, where it does not appear that the administrator has an interest in a controversy and he is the only party asking a review of the judgment, the appeal should be dismissed. Virden v. Hubbard, 37 Colo. 37, 86 P. 113.

Said the court in Re Welch's Estate, 106 Cal. 427, 39 P. 805: "It is a sound proposition that administrators, general or special, like receivers and other trustees or custodians of funds for designated purposes, are not ordinarily affected by orders in reference to their disposition, and, therefore, will not be heard on appeal from such orders." In the Matter of the Estate of Williams, 122 Cal. 76, 54 P. 386, the court said that "the executor has no interest in the distribution of the estate further than to be protected, if he shall dispose of the property in accordance with its terms; and, if the court had jurisdiction to hear the petition, the order of distribution will be a complete protection against any claim that may be made against him by reason of his compliance therewith." And the court held that an executor is not an aggrieved party, and consequently cannot appeal from an order distributing the estate to the persons found entitled thereto.

So in Wilson v. Board of Regents of University of Colorado (In re Macky's Estate) 46 Colo. 100, 102 P. 1088, it was held that where an executor was not affected by an order directing partial distribution of the estate and had no personal interest therein but acted purely in a representative and official capacity he had no right to appeal therefrom. In Case v. Deal, 177 Ind. 288, 98 N. E. 56, it was held that under the statute of Indiana, which authorizes an appeal by either party where upon a petition for the construction of a will by heirs of a devisee and legatee and the other devisees and legatees, as well as the executor, were parties, the qustion being as to whether the legatee who died after the testator, but before the distribution made, was entitled to a vested interest, there was no interest in the executor, which would entitle him to appeal. Said the court: "The rule is that only a party having an interest in the subject-matter of the judgment appealed from may challenge its correctness by appeal."

So in Re Stilphen, 100 Me. 146, 60 A. 888, 4 Ann. Cas. 158, it was held that an administrator has no pecuniary or personal interest which can be affected by a decree of distribution of funds shown by his account to be in his hands. He has no property rights which can be established or divested by such a decree. It is immaterial to him to whom he is required to pay over such funds, and he cannot be said to be aggrieved by a decree directing him to pay to a legatee rather than an heir. In Bryant v. Thompson, 128 N. Y. 426, 28 N. E. 522, 13 L. R. A. 745, it was held that where the executors and trustees have asked a court for instructions as to which of two persons was entitled to a certain bequest and the instructions and judgment so given are acquiesced in by both of the alleged claimants of the fund, the executors were not aggrieved parties within the provisions of New York Civil Code of Procedure, § 1294 (now section 557, Civil Practice Act) and have no right of appeal.

So in Isham v. New York Ass'n, etc., 177 N. Y. 218, 69 N. E. 367, it was held that, where the beneficiaries under a will and the executors have submitted a question in controversy to the Supreme Court, the executors alone have no such interest in the controversy as would entitle them to appeal. The court said: "I do not think they have any standing in court to complain further as to a result which did not affect them. They performed their duty in presenting to the court the question of how the will should be construed. * * * When a judgment was reached, directing them how to act, they were protected, and they were under no obligation to proceed to champion the right of Emily Watson, who submitted to the judgment, and did not appeal at all."

The appeal is dismissed.