## PALMER, ADMINISTRATOR, ET AL. *v.* DEVNEY.

[No. 13,356.   Filed October 31, 1929.]

*Thomas W. Lindsey*, for appellant.
*Frank H. Hatfield* and *Louis L. Roberts*, for appellee.

ENLOE, J.—William J. Palmer is the duly qualified and acting administrator with the will annexed of the estate of Mary J. Palmer, deceased.  As such administrator, he made and filed a final report, to which exceptions were filed by the appellee, Devney.  Pending the disposal of these exceptions, and in due time, the appellant filed his verified motion for a change of venue from the county of the matter of the trial of said exceptions.  No objection was made to either the form or substance of said motion, which was based upon an alleged "local prejudice," but said motion was, by the court, overruled, and this action of the court has been duly assigned as one of the grounds or reasons in the motion for a new trial, the overruling of which is assigned as error.  The action of the court in overruling said motion for a change

of venue is the only alleged error we need to consider, as it is the only matter properly presented under said motion for a new trial.

The determination of the question presented involves the construction of §444 Burns 1926, which said section, so far as here involved, is as follows: "In any action, proceeding or matter, of any character or nature whatever, relating to, connected with or involving the estate of a decedent, in any manner whatever, any of the parties thereto shall be entitled to a change of judge or a change of venue from the county for the same reasons, and upon the same terms and conditions, upon which there may be a change of judge or a change of venue from the county in any civil action." The above section closes with a provision that there shall be no "change of venue from the county of the *administration* of the estate," of a deceased person. (Our italics.)

The disposing of the matter of the exception involved in this case involved a trial. It involved the estate of the decedent; it was connected with the settlement of that estate; it did not involve the "removal of the administration" of said estate, no more than the matter of the trial of a contested claim against an estate would involve such removal.

We conclude that the court erred in denying the said change of venue from the county, and this cause is reversed, with directions to set aside the judgment rendered herein, and to sustain appellant's said motion for a change of venue from the county.

Lockyear, J., not participating.