## LOOMIS v. GILA COUNTY, ARIZ., et al.*
## In re MIAMI TRUST CO.
### No. 8760.

Circuit Court of Appeals, Ninth Circuit.

Feb. 23, 1939.

* Rehearing denied — F.2d —.

828

Hal A. Elliott, of Phoenix, Ariz., and Mayock & Lester, of Los Angeles, Cal., for appellant.

Rouland W. Hill, Co. Atty., of Globe, Ariz., for appellees.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

HEALY, Circuit Judge.

There are two appeals. The first to be considered is an appeal, taken by the trustee, from a final order dismissing a proceeding under § 77B of the bankruptcy act, 11 U.S.C.A. § 207. Appellees have moved to dismiss this appeal, and we are constrained to grant the motion.

In November, 1934 the Miami Trust Company, an Arizona corporation, filed its petition under § 77B alleging its inability to pay its debts as they matured, and stating that it desired to effect a plan of reorganization under the act. The petition was approved as properly filed and appellant was appointed trustee.

In June, 1937, some two and a half years later, the debtor filed a plan of reorganization which the District Court found not properly proposed. In September following the court ordered that the debtor show cause why it should not be liquidated, no plan having been filed within a reasonable time and no report having been made by the trustee of his administration or of the condition of the debtor. This order was shortly vacated upon the trustee's presenting his report and account.

A modified plan of reorganization was then filed, which came on for hearing on November 23, 1937. The court on that date announced its conclusion that the proposed plan, as modified, was not such as should be confirmed; that the debtor was not insolvent, its assets being largely in excess of its indebtedness, including its stock liability; that the proceeding under § 77B had been resorted to in order to tie the hands of creditors and to defer payment of the debtor's obligations, a major portion of which were taxes due the state and its political subdivisions; and that a reasonable time to effect a reorganization had long since expired. The proceeding was ordered dismissed.

The trustee alone has appealed, complaining that the order was made arbitrarily and without previous notice or opportunity to be heard. No creditor is complaining of the order, nor has the debtor itself appealed. The petition for reorganization had been presented by the debtor, not by any of its creditors, and no creditor had joined with the debtor in seeking reorganization.

■ Whatever may be the powers and functions of a trustee appointed under the act (see particularly § 77B (c), we are of the opinion that he has no such interest in the continuance of the proceeding as would make of him a party aggrieved by the order of dismissal. We are not here concerned with the trustee's right to obtain a review of other matters in the course of a reorganization proceeding, nor does what has been said have any bearing on the propriety of a similar appeal by a trustee under the Act of June 22, 1938, 11 U.S.C.A. § 1 et seq. While a dismissal is ordered on the ground stated, we have nevertheless examined the record and are satisfied that no injustice is done by this treatment of the appeal. We assume that appropriate opportunity has been or will be given the trustee to present and obtain a settlement of his accounts.

■ The trustee has also appealed from an order allowing the claim of appellee Gila County, Arizona. Since the whole proceeding has been disposed of, questions relating to the allowance of this claim have become moot, and that appeal is also dismissed.