## In re WESTERN PAC. R. CO.

### A. C. JAMES CO. v. RECONSTRUCTION FINANCE CORPORATION et al.

#### No. 9852.

Circuit Court of Appeals, Ninth Circuit.

Sept. 30, 1941.

Rehearing Denied Dec. 11, 1941.

Garret W. McEnerney and Andrew F. Burke, both of San Francisco, Cal., Whitman, Ransom, Coulson & Goetz and Robert E. Coulson, all of New York City, and Horace E. Whiteside, of Ithaca, N. Y., for appellant.

Cravath, deGersdorff, Swaine & Wood, of New York City, and Morrison, Hohfeld, Foerster, Shuman & Clark, of San Francisco, Cal. (Robert T. Swaine, of New York City, and Herbert W. Clark, of San Francisco, Cal., of counsel), for appellee Institutional Bondholders Committee.

Chickering & Gregory, of San Francisco, Cal., and Milbank, Tweed & Hope, of New York City (Donald M. Gregory, of San Francisco, Cal., and Orville W. Wood, of New York City, of counsel), for appellees Crocker First Nat. Bank etc.

808

C. M. Clay, Asst. Gen. Counsel, and Emmett McCaffery, Counsel, Reconstruction Finance Corporation, both of Washington, D. C., and James S. Moore, Jr., of San Francisco, Cal. (Claude E. Hamilton, Jr., Gen. Counsel, Reconstruction Finance Corporation of Washington, D. C., and Brobeck, Phleger & Harrison, of San Francisco, Cal., of counsel), for appellee Reconstruction Finance Corporation.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

In a proceeding by the Western Pacific Railroad Company, a railroad corporation (hereafter called the debtor), under § 77 of the Bankruptcy Act, 11 U.S.C.A. § 205, the trustees petitioned the District Court for instructions as to whether or not they should pay, out of funds on hand, part of an indebtedness of $10,000,000 evidenced by their certificates issued pursuant to paragraph (3) of subsection (c) of § 77, all of which certificates were and are held by Reconstruction Finance Corporation. The petition was set down for hearing and notice thereof was given to the debtor and its creditors, one of whom was appellant, A. C. James Company. Appellant thereupon moved the court to direct the trustees to make a payment of at least $3,000,000 on the certificates and to report to the court any negotiations they had had with respect to refunding them. The court, after a hearing, entered an order denying appellant's motion and directing the trustees to make no payment on, nor any further effort to refund, the certificates. From that order appellant has appealed.

No appeal has been taken by the trustees or by Reconstruction Finance Corporation. The trustees have not appeared in this court. Reconstruction Finance Corporation has appeared and, asserting that appellant was not entitled to appeal, has moved for dismissal. The question, therefore, is whether appellant was or was not entitled to appeal.

Appellant did not own or hold any of the certificates mentioned in the order. All were owned and held by Reconstruction Finance Corporation. The order did not direct payment of the certificates in whole or in part, but directed that no payment be made thereon. Thus the party—and we think the only party—adversely affected by the order was Reconstruction Finance Corporation, and it has not appealed. Whether or not it might have appealed need not be decided.

We assume, without deciding, that if the order had directed payment of the certificates in whole or in part, the trustees might have appealed, and that if they had refused to appeal, the court, if it thought the refusal improper, might have permitted appellant to appeal. Ohio Valley Bank Co. v. Mack, 6 Cir., 163 F. 155, 24 L.R.A.,N.S., 184. Appellant did not seek or obtain such permission. Lacking such permission, appellant would not have been entitled to appeal, even if the order had directed payment of the certificates. Chatfield v. O'Dwyer, 8 Cir., 101 F. 797; Foreman v. Burleigh, 1 Cir., 109 F. 313; In re Chakos, 7 Cir., 24 F.2d 482, 486; Maryland Casualty Co. v. Freeman, 9 Cir., 71 F.2d 1011; Fred Reuping Leather Co. v. Fort Greene National Bank, 3 Cir., 102 F.2d 372.[1] Much less was appellant entitled to appeal from the order actually entered—an order directing that no payment be made.

The cases above cited were ordinary bankruptcy cases, but the rule therein applied has also been applied in cases arising under § 77B of the Bankruptcy Act, 11 U.S.C.A. § 207. Christian v. R. Hoe & Co., 2 Cir., 79 F.2d 541; Jonas v. Bellerive Investment Co., 8 Cir., 90 F.2d 688. We think it equally applicable in cases arising, as this case does, under § 77.

It is immaterial, if true, that appellant, before filing its motion, had sought and obtained permission to intervene[2] and thus had become a party to the proceeding; for even a party may not appeal from a judgment or order unless he has some interest in the subject-matter thereof. King v. Buttolph, 9 Cir., 30 F.2d 769; Atles v. United States, 3 Cir., 50 F.2d 808, 809; Jonas v. Bellerive Investment Co., supra.[3] In this case appellant had no such interest and hence was not entitled to appeal.

Appeal dismissed.

---

[1] See, also, In re Lewensohn, 2 Cir., 121 F. 538; In re Patterson-MacDonald Shipbuilding Co., 9 Cir., 288 F. 546; Amick v. Mortgage Security Corp., 8 Cir., 30 F.2d 359.

[2] Bankruptcy Act, § 77(c) (13), 11 U. S.C.A. § 205(c) (13).

[3] See, also, Loomis v. Gila County, 9 Cir., 101 F.2d 827.