**RAILROAD CREDIT CORPORATION v. ECKER et al.**

**WESTERN PAC. R. CORPORATION v. RAILROAD CREDIT CORPORATION (two cases).**

**Nos. 10962, 10966.**

Circuit Court of Appeals, Ninth Circuit.

Dec. 7, 1945.

Arthur B. Dunne, of San Francisco, Cal. (Edward G. Buckland, of New Haven, Conn., and William J. Kane, of Baltimore, Md., of counsel), for appellant Railroad Credit Corporation.

Leroy R. Goodrich, of Oakland, Cal. (F. C. Nicodemus, Jr., of New York City, of counsel), for appellant Western Pac. R. Co.

Pillsbury, Madison & Sutro, of San Francisco, Cal., and Whitman, Ransom, Coulson & Goetz, of New York City (Felix T. Smith, of San Francisco, Cal., and Horace E. Whiteside, of Ithaca, N. Y., of counsel), for appellees Ecker et al.

Arthur B. Dunne, of San Francisco, Cal. (Edward G. Buckland, of New Haven, Conn., and William J. Kane, of Baltimore, Md., of counsel), for appellee.

Before GARRECHT, MATHEWS, and HEALY, Circuit Judges.

GARRECHT, Circuit Judge.

The debtor, the Western Pacific Railroad Company, is a California corporation with principal operating offices in San Francisco. The reorganization of the debtor was accomplished in accordance with the Marshaling and Distributing Plan of 1931 and Section 77 of the Bankruptcy Act, 11 U.S.C.A. § 205.[1] The facts and proceedings in relation thereto are fully set forth in the cases cited in the margin and in the interest of brevity are not repeated here.

On May 9, 1944, the reorganization committee, appellees herein, filed in the District Court a petition for an order construing paragraphs P and R of the reorganization plan in respect to the amount of new securities to be issued to the Railroad Credit Corporation for its claim. The lower court entered its order construing the provisions in question. The Railroad Credit Corporation and Western Pacific Railroad Corporation both appeal from this order.

Almost immediately following the institution of the above action, the Western Pacific Railroad Corporation began an independent suit for the recovery of accommodation collateral held by the Railroad Credit Corporation for notes of the debtor.

This independent suit brought by Western Pacific Railroad Corporation for the return of the accommodation collateral was dismissed on the ground that the issues of fact and law were presented in the other proceeding in which both the Railroad Credit Corporation and the Western Pacific Railroad Corporation were parties. The Western Pacific Railroad Corporation is also appealing from the judgment dismissing this independent suit.

By stipulation the parties agreed to consolidate their appeals and agreed that the several appeals should be heard upon the same record.

The Railroad Credit Corporation is appealing from that part of the lower court's judgment construing subdivisions P and R of the plan of reorganization as requiring the reduction in the number of common shares of stock allocated to the Railroad Credit Corporation under paragraph 4 of subdivision P of the plan of reorganization by one share for each $62 of proceeds of distributive shares of the debtor or its subsidiaries received after December 31, 1938,[2] and prior to the issuance of new securities under the plan. The Railroad Credit Corporation is also appealing from that part of the order which holds that any proceeds received from the claims against the Standard Realty and Development Company and the Sacramento Northern Railway shall be applied in satisfaction of the claim of the Railroad Credit Corporation against the debtor.

The Western Pacific Railroad Corporation appeals from that part of the order which holds that the Railroad Credit Corporation may retain the claims against the Standard Realty and Development Company and the Sacramento Northern Railway Company which were heretofore pledged by the debtor as additional security.

---

[1] In Re Western Pacific Railroad Company's Reorganization, 230 I.C.C. 61, 233 I.C.C. 409, 236 I.C.C. 1; In Re Western Pacific R. Co., D.C., 34 F.Supp. 493; In Re Western Pacific R. Co., 9 Cir., 122 F.2d 807, 9 Cir., 124 F.2d 136; Ecker v. Western Pacific R. Corporation, 318 U. S. 448, 63 S.Ct. 692, 87 L.Ed. 892.

[2] The Plan of Reorganization effective by its terms January 1, 1939.

We consider first the question whether the accommodation collateral should be returned to the debtor. The Western Pacific Railroad Corporation pledged and assigned to the Railroad Credit Corporation as partial or additional security said indebtedness due from the Standard Realty and Development Company and the Sacramento Northern Railway.

In the early proceedings in the reorganization of the debtor, the question was raised as to the status of this collateral but no provision was made as to this collateral in the final plan of reorganization. The facts regarding the pledging of the collateral are not in dispute.

The gist of the Western Pacific Railroad Corporation's case is that the Railroad Credit Corporation has been made whole by the issuance of new securities under the plan and its claim satisfied, and therefore the accommodation collateral exonerated.

It is not claimed, nor is there any evidence, that the Railroad Credit Corporation has yet in fact received any securities, property or other moneys in payment of its claim against the debtor. Therefore, there is no existing support for the contention of the Western Pacific Railroad Corporation.

The allocation of new securities under the plan was not to be made on the basis of the amount of the Railroad Credit Corporation's claim but upon the security value held by the creditor, and thus the Railroad Credit Corporation was not entitled to have distributed to its securities which would represent any greater amount than the value of the securities it held, viz., General and Refunding Bonds.

It was decided that the first mortgage bondholders had a prior lien on certain assets. The remaining securities under the plan are to be distributed to the only two remaining secured creditors, viz., the Railroad Credit Corporation and the A. C. James Company. How the Interstate Commerce Commission determined what new securities should be issued is set out fully in its reports and orders and the opinion of the Supreme Court. Ecker v. Western Pacific R. Corporation, 318 U.S. 448, 63 S.Ct. 692, 87 L.Ed. 892.

The allocation to these creditors is also solely upon the basis of their liens in the form of General and Refunding Bonds. The total amount of their claims against the debtor was not considered for the purpose of distributing the new securities. The Interstate Commerce Commission explains that the "value of each of the claims is proportionate to the collateral securing it, and we find that the allotment of stock should be made on the basis of collateral held rather than on the amount of the claims." 230 I.C.C. 61. The allocation of securities then was not made on the basis of what the debtor owed the Railroad Credit Corporation as contended by the latter corporation on appeal.

The General and Refunding Bonds were a general lien on all the assets of the debtor, subject to the prior lien of the first mortgage bondholders on certain assets. If, after exhaustion of the lien of first mortgage bonds, there were any remaining assets subject to the lien of the first mortgage bondholders, these assets would constitute some value under the General and Refunding Bonds. Even if there were assets or securities subject to the prior lien of the first mortgage bondholders left after the satisfaction of that lien, the claims secured by General and Refunding Bonds would still not be indemnified in full. The Supreme Court conceded that "even though all the securities remaining available for distribution after satisfying the claims of first-mortgage bondholders are allotted to the other secured creditors, such securities will be inadequate in value to satisfy their claims. * * *" [318 U.S. 448, 63 S.Ct. 702.]

The Western Pacific Railroad Corporation has urged for support of its contention that the accommodation collateral must be returned the argument that the plan is silent as to what procedure will be followed with relation to this collateral, and the commission's order is also silent. However, we feel the silence of the plan or the commission's order would rather militate against the return of the collateral. The plan did not affect the accommodation collateral, and the silence here is nothing more than silence.

Since we have found that the debtor is not entitled to the return of the accommodation collateral, therefore, there was no error on the part of the lower court in dismissing the independent suit for the return of the collateral.

It is to be pointed out here that this opinion shall not be construed as precluding Western Pacific Railroad Corporation from demanding the return of the accom-

modation collateral in a proper proceeding when it can show that the Railroad Credit Corporation has in fact been fully indemnified.

■ The next question for our determination is that one raised by the appeal of the Railroad Credit Corporation. The Railroad Credit Corporation agrees that any distributive share should reduce the amount of its claim but insists that the receipt of distributive shares should not affect the amount of shares or securities that should be allocated to it because the claim of the Railroad Credit Corporation is unsecured for some amount over the value of the General and Refunding Bonds.

The construction of the lower court seems to be proper. Paragraphs 4 and 5 of subdivision P provide that the Railroad Credit Corporation shall receive new securities in respect of its claim and accrued interest, "subject to the reduction of the said amounts by application, prior to the date of the issue of new securities under the plan, of any proceeds from the distributive shares of the company or its subsidiaries under the marshaling and distributing plan." The lower court gave this language its plain and ordinary meaning. The claim itself could be reduced at any time by any amount from any source, but the plan provides that prior to the issue of the new securities, distributive shares received shall reduce the amount of the securities to be issued. To hold that these words were put into the plan for no purpose would be taking an unreasonable view of the meaning and interpretation of that portion of the plan. Furthermore, in delineating the securities to be issued, the plan used the word "approximately" with reference to amounts given, which would indicate that the plan contemplated the securities might be reduced before issuance.

■ The members of the reorganization committee have moved this court to dismiss the appeal taken herein by the Railroad Credit Corporation on the theory that the Railroad Credit Corporation has by its acceptance of the plan waived its right to appeal.

Paragraph V of the plan provides:

"V. The construction of the plan by the court shall be final and conclusive. The court may cure any defect, supply any omission, or reconcile any inconsistency in such manner, or to such an extent as may be necessary or expedient to carry out the plan effectively."

It was anticipated that controversies would arise under the plan, and for this reason subdivision V was inserted. This section was enacted to permit the District Court to make a final and conclusive construction of any questioned provision of the plan to the same extent that the Commission itself might have made the determination as to the proper construction. The cases cited by appellees to support their motion for dismissal can all be distinguished from the case at bar. The parties intended no waiver, and the law is settled that a waiver is not to be implied.

Moreover, the context of Paragraph V is wedded to the language of the paragraph following it, and when construed together, there is no waiver implied.

Paragraph "W" reads:

"Acceptance of the plan shall include the acceptance of the new bonds, mortgages, stock certificates, and all instruments necessary and appropriate to the carrying out of the plan, other than the orders of the court and this Commission, to the same effect as though the terms of such instruments were set out in full herein."

■ The findings of the lower court are given great weight here, and will not be disturbed unless there is clear error. We have failed to find any error in the lower court's rulings.

Affirmed.