STATE EX REL. SCHUMACHER *v.* ADAMS CIRCUIT COURT, ETC., ET AL.

[No. 28,293.   Filed June 20, 1947.]

*DeVoss & Smith,* of Decatur, for relator.

*J. Fred Fruchte, pro se,* for respondent.

GILKISON, J.—The will of Anthony J. Schumacher was duly probated in respondent court, and relator was

regularly appointed executor and qualified as such. Thereafter, one Lillian May Schumacher filed her verified petition and later her verified amended petition to be declared the common law wife of the testator. This petition and amended petition makes no parties defendant whatever, and it is therefore questionable whether any action thereon by the trial court would be binding upon any one. 26 C. J. S. § 80 *Descent and Distribution* p. 1125. It is the duty of the trial court to see that all proper parties are joined in the action. § 2-222, Burns' 1946 Replacement. However, on February 27, 1947, respondent judge set the petition for hearing on March 8, 1947. Relator was a proper party to be made a defendant and as executor he appeared and filed a proper affidavit for change of venue from the county in the matter of said petition on February 28, 1947, at which time his attorneys were informed by the respondent judge that the change could not be granted. The judge reiterated this statement on March 4, 1947, and relator believes he will deny the motion on the day fixed for the hearing on the petition and proceed with the hearing. On March 5, 1947, relator's motion for change of venue was denied. The appearance of relator and the filing of the motion for change of venue by him is a waiver of notice of the filing of the petition as to him. In his response, the respondent judge says in substance, that he does not believe relator is entitled to a change of venue under the law.

A single question is therefore presented: Is an executor entitled to a change of venue from the county in the hearing on a petition to be declared the common law wife of a testator?

Respondent relies upon In re: *Lambert's Estate* (1945), 116 Ind. App. 293, 62 N. E. (2d) 871. In that

case the administrator contested the petition of the person who was asking to be declared the common law wife of the intestate. After trial and judgment in favor of the petitioner, administrator filed a motion for new trial and while this motion was pending, filed a petition to intervene as guardian for his ward who was a minor daughter of the intestate, in order that as such guardian, he might take the necessary steps to protect her interest in the estate. Both motions were overruled and an appeal was taken to the Appellate Court. That court decided that the motion to intervene was a proper motion, but that it was filed too late. As to the appeal by the administrator, the court held that there was some evidence to support the judgment and therefore it was affirmed. There is nothing in this case indicating that an executor or administrator may not have a change of venue from the county on proper application, in the matter of such petition, or that he may not have an appeal from an unfavorable judgment.

Relator bases his contention on §§ 2-1401 and 2-1403, Burns' 1946 Replacement. So far as this cause is concerned § 2-1401 is as follows:

"The court, in term, or the judge thereof, in vacation, shall change the venue of any civil action upon the application of either party, made upon affidavit showing one (1) or more of the following causes:

". . .

"Third. That the opposite party has an undue influence over the citizens of the county, or that an odium attaches to the applicant, or to his cause of action or defense, on account of local prejudice."
§ 2-1403, Burns' 1946 Replacement is as follows:

"In any action, proceeding, or matter, of any character or nature whatever, relating to, connected with or involving the estate of a decedent in any matter whatever, any of the parties thereto shall

be entitled to change of judge or a change of venue from the county for the same reasons and upon the same terms and conditions, upon which there may be a change of judge or a change of venue from the county on any civil action: Provided, however, that nothing herein contained shall be construed to authorize a change of venue from the county of the administration of the estate of a decedent, or to authorize a change of venue from the county upon the exceptions to the final report of an administrator or executor, and hereafter there shall be no change of venue from the county upon exceptions to the final report of an administrator or executor."

In *Johnston* v. *State* (1937), 212 Ind. 375, at page 378, 8 N. E. (2d) 590, 10 N. E. (2d) 40, in discussing change of venue in civil actions, this court said:

"It must follow that any adversary proceeding involving the protection of private rights or the redress of private wrongs comes within the group designated as civil actions, and either party is entitled to a change of venue from the county, notwithstanding the proceeding is a special statutory one, unless there is a provision to the contrary in the statute providing for the proceeding. . . . Changes of judge and changes of venue from the county are provided for in the same statute, and they may be had in any civil action, which, by statutory definition, means any action for the enforcement or protection of private rights and the redress of private wrongs."

See § 2-101, Burns' 1946 Replacement.

The burden of proving a marriage rests upon the party who asserts it. 38 C. J. *Marriage* § 97, p. 1321.

In the matter in respondent's court, the burden of proving the alleged common law marriage was upon the petitioner.

It is the duty of an executor to defend all actions that may be brought against the estate and to protect

the estate from invalid and doubtful claims and obligations. He should interpose against such claims every legal objection that industry and care can furnish. It is his duty to protect the estate against every demand made against it which is not legally enforceable. He is regarded as the trustee or agent appointed by law, for the benefit and protection of creditors and distributees. It is his duty to guard against error in distribution by exercising the greatest possible care to see that all available evidence is fully and truthfully presented to the court in a hearing of a petition for distribution of the estate. 21 Am. Jur. *Executors and Administrators* §§ 223, 224, 227, p. 496, 497, 498; 34 C. J. S. *Executors and Administrators* § 439, p. 259; *Ruch, Admr.* v. *Biery* (1887), 110 Ind. 444, 447, 11 N. E. 312; *Keener* v. *Grubb* (1909), 44 Ind. App. 564, 89 N. E. 896. See *Rottger, Rec.* v. *First Merchants National Bank* (1933), 98 Ind. App. 139, 144, 145, 146, 184 N. E. 267; *Case* v. *Deal* (1912), 177 Ind. 288, 291, 98 N. E. 56; *Packer* v. *Overton* (1925), 200 Iowa 620, 203 N. W. 307. The interests of the petitioner in the matter before respondent court is adverse to the interests of the beneficiaries named in the will, and may be adverse to creditors. The executor is the trustee or agent appointed by law for the benefit and protection of creditors and distributees. It is his duty to protect the estate from every demand made against it which is not legally enforceable, and this includes the duty of protecting the estate from the petition in question, if the executor, in good faith, believes it to be legally unenforceable. This is upon the theory that it is his duty as executor to uphold the integrity and validity of the will and to defend his trust. Re: *Bernheim's Estate* (1928), 82 Mont. 198, 266 P. 378, 57 A. L. R. 1169, 1174. The proceeding is adver-

sary, and may require the hearing of much evidence. We think either party is entitled to a change of venue from the county on proper and timely application, agreeable with the statutes aforenoted. *State ex rel. White Water, etc.* v. *Hoelscher, Judge* (1935), 208 Ind. 334, 196 N. E. 1; *Palmer, Admr.* v. *Devney* (1929), 90 Ind. App. 218, 168 N. E. 493.

The granting of a change of venue from the county in this matter does not change the venue of the estate from respondent court. It merely changes the venue of the trial of the petition to which it is directed. The procedure is similar to a change of venue in the matter of a claim filed against an estate. When the matter is tried in the court of the county to which the venue is changed, the judgment of that court will determine the issue joined on the petition, and will be binding upon the court in which the estate is pending. "The rules of procedure should be liberally interpreted in order . . . to permit parties to have a hearing in a tribunal and community which they consider unbiased." *State ex rel. White Water, etc.* v. *Hoelscher, Judge, supra.*

It is, therefore, considered and adjudged that the respondent be and he hereby is mandated to grant the change of venue from the county as prayed.

NOTE.—Reported in 73 N. E. (2d) 689.